NH

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Hossein Imani,

Petitioner,

v.

John E. Cantu, et al.,

Respondents.

No. CV-26-01933-PHX-DJH (CDB)

**ORDER**

Petitioner Hossein Imani, who is represented by counsel, filed a Petition for Writ of Habeas Corpus Under § 2241 (Doc. 1). The Court will require Respondents to answer the Petition.

## I. Petition

Petitioner is a citizen of Iran who entered the United States without authorization on January 24, 2025. Petitioner was apprehended near the border and was transferred to the Yuma Enhanced Centralized Processing Center. On February 12, 2025, Petitioner had a credible fear interview with an asylum officer and established a credible fear of persecution and torture if returned to Iran. Following the interview, Petitioner was placed in removal proceedings. On July 30, 2025, Petitioner filed an application for asylum and withholding of removal. His asylum application remains pending.

On April 25, 2025, Petitioner's previous counsel filed a motion for custody redetermination and received no response from the Immigration Court. Petitioner sought another bond redetermination hearing on March 12, 2026, and the Immigration Court

denied the request on March 18, 2026, stating the court lacked jurisdiction to redetermine custody.

Petitioner claims that since the March 18, 2026 custody determination denial, material circumstances have changed dramatically due to the armed conflict between the United States and Iran. Petitioner claims this should be considered in evaluating his custody determination.

In Count One, Petitioner alleges his continued detention, without a custody determination, is a violation of his Fifth Amendment right to procedural due process. In Count Two, Petitioner claims that the Immigration Court's failure to act on his April 25, 2025 custody motion constitutes a denial of due process. In Count Three, Petitioner asserts that his prolonged detention without individualized justification violates his Fifth Amendment right to substantive due process. Petitioner seeks immediate release or a custody hearing before an Immigration Judge.

The Court will require Respondents to answer the Petition.

**IT IS ORDERED:**

(1) Counsel for Petitioner must immediately serve the Petition upon Respondents.

(2) If not already issued, the Clerk's Office must issue any properly completed summonses.

(3) The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(4) Respondents must answer the Petition within **twenty (20) days** of the date of service. Respondent shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(5) Petitioner may file a reply within **ten (10) days** from the date of service of the answer.

(6) This matter is referred to Magistrate Judge Camille D. Bibles pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 31st day of March, 2026.

Honorable Diane J. Humetewa
United States District Judge